IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



IN RE: §
AGAPE CHRISTIAN FELLOWSHIP § NO. 07-40983-dml-11
OF ARLINGTON, § (Bankruptcy Court Number)
 §
Debtor, §
_____ §
 §
OLIVIA MITCHELL, ET AL., §
 §
Plaintiffs, §
 §
VS. § NO. 4:07-CV-236-A
 § (District Court Number)
AGAPE CHRISTIAN FELLOWSHIP §
OF ARLINGTON, §
 §
Defendant. §

MEMORANDUM OPINION
and
ORDER

Pending before the court is the June 27, 2007, motion of defendant, Agape Christian Fellowship of Arlington ("Agape"), for summary judgment on all claims asserted by plaintiff Jason Sterling ("Sterling").[1] Sterling failed to file any response to Agape's motion. Nonetheless, the court has independently evaluated Agape's motion, the summary-judgment evidence, and the

---

[1] Olivia Mitchell is also a plaintiff in this case. Agape's motion for summary judgment, however, is limited to the claims asserted against it by Sterling.

applicable legal authorities and concluded that summary judgment should be granted as stated below.[2]

I.

Procedural Background

Agape filed a voluntary petition for bankruptcy relief under Chapter 11 initiating bankruptcy case number 07-40983-dml-11 before the United States Bankruptcy Court for the Northern District of Texas, Fort Worth Division. On March 16, 2007, Sterling filed an unsecured, nonpriority claim in Agape's bankruptcy for $250,000.00. The stated basis for the claim was a state-court lawsuit Sterling had filed against Agape in November 2005, purportedly for intentional infliction of emotional distress ("IIED"), wrongful discharge, and negligence. See Agape's App. in Supp. of Mot. for Summ. J. (hereinafter, "Agapi's App.") at 11-17. In reality, however, in the state-court lawsuit, Sterling merely asserted claims against Agape for IIED and negligence. On April 17, 2007, Sterling filed an amended proof of claim, still for $250,000.00, but now asserting causes of action against Agape for wrongful termination in addition to

---

[2]That Sterling failed to file a response does not mean that Agape should automatically be awarded summary judgment. Rather, summary judgment should be granted only if the uncontested facts show that Agape is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c); see also Champion v. Artuz, 76 F.3d 483, 486 (7th Cir. 1996). The court is satisfied that such is the case here.

IIED, wrongful discharge, and negligence. Id. at 18-25. On April 19, 2007, Agape objected to Sterling's amended claim.

Also on April 19, 2007, Agape filed a motion requesting this court to withdraw the reference of Sterling's claim to the bankruptcy court. On April 23, 2007, the bankruptcy judge recommended that the reference be withdrawn. This court subsequently withdrew the reference to the bankruptcy court as to, inter alia, Sterling's claim and Agape's objections to same and ordered that they both be carried on the court's docket under the above-captioned and numbered cause. See May 14, 2007, Order at 2. At the same time, the court further ordered Sterling to file an "amended claim, by a pleading in the nature of a civil complaint, that shall comply with the pleading requirements . . . of Rules 8, 9, 10, and 11 of the Federal Rules of Civil Procedure and all Local Civil Rules of this court relating to the preparation, service, and filings of pleadings." Id. at 2, ¶ 1. Agape was likewise ordered to file a response to Sterling's amended claim in compliance with the pleading requirements of the Federal Rules of Civil Procedure. Id. at 3, ¶ 2.

On May 30, 2007, Sterling timely complied with the court's order and filed its amended claim in the above-captioned and numbered action. See May 30, 2007, Original Compl. (hereinafter, "Compl."). Agape timely filed its original answer and,

3

subsequently, an amended answer to same. See Agape's June 1, 2007, and June 4, 2007, Original Answer and Amended Answer, respectively. Because Sterling's May 30, 2007, amended claim is now his live pleading in this action, only the causes of action asserted therein -- i.e. wrongful termination and IIED -- are before the court. For the reasons stated below, both of these causes of action are without merit as matter of law.

II.

## Overview of Sterling's Current Claims and Agape's Motion for Summary Judgment

Sterling was employed by Agape as its media director, in which position he was responsible for the creation of audio and video recordings of sermons given at Agape. See Compl. at 7, ¶ 46. Agape terminated Sterling's employment in September 2004. Id. at 7, ¶ 55. According to Sterling, Terry L. Hornbuckle ("Hornbuckle"), the former spiritual leader of Agape, sexually assaulted his sister and his aunt. Id. at 7, ¶¶ 48-49. Per Sterling, Agape subsequently demanded that Sterling either convince his sister not to report the rape to the police or that Sterling tell the police that she was lying. Id. at 7, ¶¶ 51-53. When Sterling refused to commit this purportedly illegal act,

Agape fired him, stating a bogus reason for his firing, namely "Insufficient Tithing." Id. at 7, ¶¶ 54-55.

In his May 30, 2007, amended claim filed with this court, Sterling asserts that Agape wrongfully terminated his employment under Texas law due to his refusal to commit an illegal act. Second, he asserts IIED, presumably for both the sexual assault on his family members and for his wrongful termination.[3] Agape has moved for summary judgment as to both claims. Specifically, as to wrongful termination, Agape contends that it is both time-barred by the applicable statute of limitations and that, as a matter of law, it fails on the merits. As to IIED, Agape urges that neither the sexual assault of his family members nor wrongful termination can meet the demanding standards of this claim as a matter of Texas law. The court agrees with all of Agape's contentions.

---

[3]In asserting his claim for IIED, Sterling merely re-alleges "the facts described above as though fully set forth herein" and states that Agape's "actions complained of above constitute [IIED]." See Compl. at 9-10, ¶¶ 73-74. These allegations are less than helpful in determining what the factual basis of this claim are. Under the facts alleged in Sterling's May 30, 2007, amended claim, however, the only events that could conceivably give rise to this claim are the alleged sexual assaults of Sterling's family members and his termination.

III.

## Applicable Summary Judgment Principles

A party is entitled to summary judgment on all or any part of a claim as to which there is no genuine issue of material fact and as to which the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c);[4] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The moving party has the initial burden of showing that there is no genuine issue of material fact. Anderson, 477 U.S. at 256. The movant may discharge this burden by pointing out the absence of evidence to support one or more essential elements of the non-moving party's claim "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex Corp. v. Catrett, 477 U.S. 317, 323-25 (1986). Once the moving party has carried its burden under Rule 56(c), the non-moving party must do more than merely show that there is some metaphysical doubt as to the material facts. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The party opposing the motion may not

---

[4]Notably, when the court withdrew the reference of Sterling's claims to bankruptcy court, it ordered that: "The provisions of Rule 56 of the Federal Rules of Civil Procedure, and all Local Civil Rules of this court pertaining to summary judgment practice, shall apply to any motion for summary adjudication." Id. at 3, ¶ 4. See May 14, 2007, Order at 3, ¶ 4. Those provisions thus apply to the court's resolution of Agape's motion for summary judgment.

rest on mere allegations or denials of pleading, but must set forth specific facts showing a genuine issue for trial. Anderson, 477 U.S. at 248, 256. To meet this burden, the nonmovant must "identify specific evidence in the record and articulate the 'precise manner' in which that evidence support[s] [his] claim[s]." Forsyth v. Barr, 19 F.3d 1527, 1537 (5th Cir. 1994). An issue is material only if its resolution could affect the outcome of the action. Anderson, 477 U.S. at 248. Unsupported allegations, conclusory in nature, are insufficient to defeat a proper motion for summary judgment. Simmons v. Lyons, 746 F.2d 265, 269 (5th Cir. 1984).

The standard for granting a motion for summary judgment is the same as the standard for rendering judgment as a matter of law. Celotex Corp., 477 U.S. at 323. If the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial. Matsushita, 475 U.S. at 597.

IV.

Undisputed Evidence

Because Sterling has failed to file any response or otherwise contradict the summary-judgment evidence presented by Agape, the court accepts the summary-judgment facts urged by Agape as true. See, e.g., Fed. R. Civ. P. 56(e). The facts

pertinent to summary judgment are, in turn, relatively few in number and straightforward. Consequently, the court discusses the uncontroverted summary-judgment facts in conjunction with its legal analysis below as to whether summary judgment is proper based on those facts.

V.

Analysis

A. Sterling's Claim for Wrongful Termination

1. Limitations

Agape terminated Sterling's employment on September 13, 2004. See Agape's App. at 74-76, ¶¶ 2-15. Under applicable Texas law, the statute of limitations for a wrongful-termination claim is two years. See Stroud v. VBFSB Holding Corp., 917 S.W.2d 75, 79-80 (Tex. App.--San Antonio 1996, writ denied). A wrongful termination claim accrues when an employee receives unequivocal notice of his termination or when a reasonable person should have known of his or her termination. See, e.g., Johnson & Johnson Medical v. Sanchez, 924 S.W.2d 925, 928 (Tex. 1996). Here, Sterling received unequivocal notice of his termination on September 13, 2004, when his supervisor fired him "on the spot," told him "to leave and not come back," and asked him for the return of Agape's property, which included keys and a cell phone. See Agapi's App. at 74-76, ¶¶ 2, 6, 13, and 14. Thus, to be

8

timely filed, Sterling needed to have filed his wrongful termination claim by September 13, 2006. Sterling, however, did not file any claim for wrongful termination against Agapi until March 2007, after Agape had filed for bankruptcy. Id. at 11. Consequently, Sterling's claim was filed approximately six months late and is time-barred.[5] Summary judgment for Agape on this claim is proper.

2. On the Merits

Even if Sterling's wrongful-termination claim were not barred by limitations, it would still fail as a matter of law on the merits.

---

[5]Agape anticipated that Sterling would argue that his wrongful-termination claim is not time barred, because, under Section 16.068 of the Texas Civil Practice & Remedies Code, this claim relates back for limitations purposes to the state-court action Sterling filed within limitations. Section 16.068 provides that "a subsequent amendment or supplement to the pleading that changes the facts or grounds for liability or defense is not subject to a plea of limitations unless the amendment or supplement is wholly based on a new, distinct, or different transaction or occurrence." See Tex. Civ. Prac. & Rem. Code § 16.068 (Vernon 1997). Putting aside that Sterling never made this argument, Section 16.068 does not render his wrongful termination claim timely. Even assuming a proof of claim filed in bankruptcy court can be deemed an amendment or supplement to a state-court petition, in his state-court suit, Sterling did not assert any claim for wrongful termination. Rather, he asserted claims only for negligence and for IIED based on Agape firing him for his alleged failure to tithe. There is no mention of any sexual assault on Sterling's family members or of anyone from Agape asking him to perform an illegal act whatsoever. See Agapi's App. at 12-17. Thus, Sterling's wrongful termination claim here is based on distinct occurrences, and, consequently, does not relate back to the date Sterling filed the state-court suit.

9

In support of its motion for summary judgment, Agape submitted the sworn affidavit of Sterling's supervisor, Eben Conner ("Conner"), concerning Sterling's termination. See Agapi's App. at 73-78. According to Conner, on September 13, 2004, she and an elder from the church met with Sterling to discuss his tithing and his reportedly poor attitude. Id. at 74-75, ¶¶ 4-7. During the meeting, it was determined that Sterling's tithing had been adequate and that Agape had made a mistake on that issue. Id. at 74, ¶ 5-6. When confronted about his attitude, however, Sterling became belligerent and refused to listen to her. Id. at 75, ¶ 7. Although she was tempted to terminate him then and there, she opted to give him one more chance and imposed a two-week probationary period. Id. at 75, ¶¶ 7-9. Though angry, Sterling reluctantly accepted the offer and went out into the hall to tell his wife. Id. at 75, ¶ 10.

Upon hearing the news, the wife confronted Conner, cursing at her repeatedly and even attempted to strike her. See Agape's App. at 76, ¶¶ 11-12. All the while, Sterling did nothing to try to calm his wife down, despite Conner's requests that he do so. Id. at 76, ¶¶ 12. Conner fired Sterling there on the spot and asked him to return keys and a cell phone belonging to Agape. Id. at 76, ¶ 14. Sterling's wife then threw the cell phone at

10

Conner, hitting her. Sterling and his wife left the church after security was called. Id.

To prevail on a claim for wrongful termination for refusal to perform an illegal act, Texas law requires a plaintiff to prove that "the sole reason" for his termination was his refusal to perform an illegal act. See Ed Rachal Found. v. D'Unger, 207 S.W.3d 330, 332 (Tex. 2006) (citing Sabine Pilot Service, Inc. v. Hauck, 687 S.W.2d 733 (Tex. 1985)). Agape's summary-judgment evidence as to the reason for Sterling's termination as summarized above is that Sterling was terminated for an extremely poor attitude. Because Sterling has failed to controvert this evidence, Sterling cannot show that "the sole reason" for his termination was his refusal to commit an illegal act as required to state a claim. Id. Summary judgment on the merits of Sterling's wrongful-termination claim is thus proper as well.

B.  **Sterling's Claim for IIED**

Under applicable Texas law, IIED is a "gap-filler" tort. See Hoffman-La Roche Inc. v. Zeltwanger, 144 S.W.3d 438, 447 (Tex. 2004). Even in those rare circumstances where there is a gap to fill, an IIED claim is almost impossible to make out. It requires conduct "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized

community." Creditwatch, Inc. V. Jackson, 157 S.W.3d 814, 817-18 (Tex. 2005) (internal quotations omitted). Indeed, "except in circumstances bordering on serious criminal acts , . . . such acts will rarely have merit as intentional infliction claims." Id. at 818. To prove IIED, a plaintiff must prove that (1) the defendant acted intentionally or recklessly; (2) the conduct was extreme and outrageous; (3) the actions of defendant caused the plaintiff emotional distress; and (4) the resulting emotional distress was severe. See Standard Fruit and Vegetable Co. v. Johnson, 985 S.W.2d 62, 65 (Tex. 1988) (internal quotations omitted). Whether Sterling's IIED claim is premised on the purported sexual assault by Hornbuckle on Sterling's family members or on his alleged wrongful termination, it fails as a matter of law.

Specifically, a claim for IIED cannot be maintained when the risk that emotional distress will result is merely incidental to the commission of some other tort. See Standard Fruit, 985 S.W.2d at 68. To the extent that the commission of the underlying tort also involved a risk that others would suffer only emotional distress, recovery is limited to public policy exceptions like bystander recovery. Id. Bystander recovery, in turn, requires as a threshold matter that the plaintiff/bystander be present at the time of the commission of the tort. Id. at 68

n.6 (citing Freeman v. City of Pasadena, 744 S.W.2d 923, 923-924 (Tex. 1988)). The only summary-judgment evidence before the court is that Sterling was not present at the time Hornbuckle allegedly sexually assaulted any of his relatives. Accordingly, Sterling cannot recover for IIED based on these incidents.

Likewise, because employers must have some discretion to discipline and criticize their employees, an IIED claim does not exist for an ordinary employment dispute. See Texas Farm Bureau Mut. Ins. Companies v. Sears, 84 S.W.3d 604, 611 (Tex. 2002). Extreme conduct in the employment context thus exists "only in the most unusual of circumstances." Id. (citation omitted). There is no evidence in the summary-judgment record that brings Sterling's termination out of the realm of an ordinary employment dispute. To the contrary, the uncontroverted, summary-judgment evidence is that Sterling was an at-will employee fired by his supervisor for a bad attitude and behavior. See Agapi's App. at 41 (Sterling's answer to interrogatory No. 3) and 74-76, ¶¶ 4-15. Thus, any claim for IIED by Sterling as to his termination fails too as a matter of law.

## VI.

### Order

For the reasons discussed above, the court concludes that Agape's motion for summary judgment should be granted. Therefore,

The court ORDERS that all claims and causes of actions asserted by Sterling in the above-captioned action against Agape be, and are hereby, should be denied.

SIGNED August 14, 2007.

/s/ John McBryde
JOHN McBRYDE
United States District Judge